86 F.3d 1178
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Gasper BENENATI and Carolyn Benenati, as legal
representatives of Christopher Benenati, a minor,
Petitioners-Appellants,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Respondent-Appellee.
 No. 96-5015.
 United States Court of Appeals, Federal Circuit.
 May 17, 1996.
 
 Before PLAGER, LOURIE, and BRYSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 Gasper and Carolyn Benenati, parents of Christopher Benenati, appeal the decision of the Court of Federal Claims affirming the Special Master's denial of compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (1994). We affirm.
 
 
 2
 The Benenatis had petitioned for compensation under 42 U.S.C. § 300aa-11(c), alleging that Christopher had experienced seizures and encephalopathy within 24 hours of receiving a diphtheria-pertussis-tetanus ("DPT") vaccination on September 7, 1978.[1] In order to receive compensation under the Vaccine Program, the Benenatis were required to prove by a preponderance of the evidence either (1) that Christopher suffered a seizure or encephalopathy that was caused by a DPT vaccination; or (2) that the onset of, or significant aggravation of, his seizures or encephalopathy occurred within three days after receiving a DPT vaccination. See 42 U.S.C. § 300aa-11(c)(1) (elements of petition for compensation); § 300aa-13(a)(1) (burden of proof); § 300aa-14(a) (Vaccine Injury Table).
 
 
 3
 After reviewing medical records submitted by the Benenatis and hearing testimony from the Benenatis and Christopher's current treating neurologist, Dr. Atluru, the Special Master concluded that the Benenatis were not entitled to compensation. The Special Master found that none of the medical records indicated the occurrence or significant aggravation of seizures or encephalopathy within three days of Christopher's DPT vaccinations. He further found that testimony by the Benenatis that seizures did occur within three days of a DPT vaccination was not credible, in light of the lack of contemporaneous supporting documents and the number of years that had passed. In particular, he concluded that the Benenatis' memories most likely were shaped by information the Benenatis obtained years later concerning the possible connection between DPT vaccinations and seizure disorder. He further found that the testimony of Dr. Atluru did not establish causation in fact by a preponderance of the evidence, because her testimony was based on the Benenatis' discredited statements that a seizure had occurred within three days of the vaccine.
 
 
 4
 The Court of Federal Claims affirmed the Special Master's denial of an award. The Benenatis requested reconsideration and submitted further medical records on Christopher's history. After reviewing these documents, the trial court denied reconsideration, finding that "[t]he offered materials do not show that Christopher exhibited signs and symptoms of a neurological injury within three days of the administration of the DPT vaccine. Similarly, those materials do not provide support for a claim that Christopher's neurological injuries were in fact caused by the DPT vaccine." (emphasis in original)
 
 
 5
 On appeal, the Benenatis challenge the trial court's factual findings that Christopher's condition was not caused or significantly aggravated by a DPT vaccination. They argue that the trial court disregarded the medical evidence submitted with their reconsideration motion; as indicated above, however, the trial court did review the new material submitted by the Benenatis but found that it did not support reconsideration of the Special Master's factual findings. We must affirm the Special Master's factual findings adopted by the trial court unless they are arbitrary, capricious, or an abuse of discretion. See Whitecotton v. Secretary of Health and Human Servs., Nos. 92-5083, 93-5101, --- F.3d --- (Fed.Cir. Apr. 16, 1996), at 10-11 (citing Knudsen v. Secretary of Dep't of Health and Human Servs., 35 F.3d 543, 546-47 (Fed.Cir.1994)). We find no basis in the record for disturbing the trial court's findings. The Benenatis' further assertion that the physician administering Christopher's vaccination may be liable for failure to warn of the risks associated with the vaccine, or under Section 402A of the Restatement (Second) of Torts, has no bearing on whether the Benenatis are entitled to compensation under the express requirements of the Vaccine Program. Accordingly, the decision of the trial court is affirmed.
 
 
 6
 Each party to bear its own costs.
 
 
 
 [1]
 Encephalopathy is defined as "any significant acquired abnormality of, or injury to, or impairment of function of the brain." 42 U.S.C. § 300aa-14(b)(3)(A)